Cox et al. v. The Forest City & Southern R'y Co. et al.

1. **Tax in Aid of Railroad:** FAILURE OF CONDITIONS: FACTS CONSTITUTING. Where one of the conditions of a tax voted in aid of a railroad was that it should not be collectible unless the company should construct and maintain, and have in operation by a time named, a first-class railroad to a good and sufficient depot to be erected at a specified place, *held* that the condition was not sufficiently complied with by the construction of a road and depot in such an incomplete and imperfect manner that the ordinary business of a railroad could not be transacted at the place in question. See opinion for the facts.

2. **Practice in Supreme Court:** QUESTIONS WHICH HAVE LOST THEIR INTEREST NOT CONSIDERED. A motion for a temporary injunction, pending the appeal, will not be considered, when the object of the motion is substantially reached by the reversal of the judgment in the main action.

3. ———: ARGUMENT FILED TOO LATE: STRIKING FROM FILES. An argument will not be stricken from the files because filed too late under the rules; but in a proper case penalties will be inflicted upon the delinquent, or a continuance granted.

*Appeal from Hardin District Court.*

THURSDAY, JUNE 4.

ACTION in chancery to set aside the collection of a certain tax voted by the electors of the township of Alden to aid in the construction of the railrord of the defendant corporation. A demurrer to the petition was sustained by the district court, and thereupon the petition was dismissed. Plaintiffs appeal.

*Taylor & Evans* and *S. M. Weaver*, for appellants.

*John Porter* and *C. E. Albrook*, for appellees.

BECK, CH. J.—I. The petition, among other causes of invalidity of the tax, alleges that it was, according to the conditions of the vote, to become collectible when the railroad company should construct and maintain a first-class four feet eight and one-half inches

1. TAX in aid of railroad: failure of conditions: facts constituting.

guage railroad to a good and sufficient depot, to be erected at a specified place in the town of Alden, and that the railroad should be fully constructed and in operation to such depot on or before the first day of January, 1884, and, in default of these conditions, the tax voted should become void. The petition alleges that the railroad has failed to perform these conditions, and, in an amended petition, alleges and sets out the default of the railroad company in the following language:

"That it did not fully construct its said line of railway to said Alden, as agreed, by the date agreed upon in said notice; that it made a pretense of earning said tax by laying rails to said town of Alden, but ties on which said rails were laid were at very great and unusual distances apart; that said rails were but partially spiked; that said road was not graded nor ballasted, and was not in a condition to be operated; that it built no depot at said Alden that was in any manner suitable for the ordinary purposes of a depot; that it provided no conveniences for the operation of its road; and that, by reason of its such failure, the citizens of said township gained no benefit from said road for a long time after said January 1; that it had no facilities whatever for receiving or shipping freight of any kind for many months after said January 1; that it was unable to make shipments of any kind to or from the said citizens of Alden for many months after the date aforesaid, although the said citizens much desired that such shipments should be made."

Counsel for defendants insist that the petition fails to allege such a default of the railroad company as will defeat the tax. They insist that the proposition voted upon is to be construed and interpreted as a contract, and that a substantial compliance therewith is sufficient. Let this position for the purpose of this case be admitted. We are clearly of the opinion that the allegations do not show a compliance with the conditions of the vote which the law requires. The allegations of the second and last paragraphs of the amended petition above quoted

clearly show that the road was not so nearly completed that it could be used, and the third paragraph shows that a depot suitable for the purpose was not built. It does not show, as counsel for defendant insist, that the road was completed for use, and only required such additions and improvements as are usually added to new roads. It could not be called a completed railroad, in any such sense of the word, until it could be operated in some manner. Until that could be done, it must be regarded as in a condition of construction. We are clear upon the point that the allegations of the petition show noncompliance with the conditions of the vote.

II. Other objections to the validity of the tax, made in the petition, need not be considered. Upon some of them we would not probably agree.

III. After the appeal was taken, Chief Justice ROTHROCK, upon the application of the plaintiffs, ordered that proceedings for the sale of lands for the taxes be suspended, and directed that the application for the order be filed as a motion, to be considered by the court, which was done. The matter now comes before us as a motion. We find it unnecessary to act on the motion. Upon the reversal of the decision of the district court the cause will be remanded to that court, which will have jurisdiction to hear and determine an application for a preliminary injunction upon proper amendments of the petition asking therefor. To the district court the plaintiffs may apply for the relief asked in the matter before us. As to the correctness and effect of the order of the chief justice, we need not inquire. Even if it should be held to be erroneous, it is not void. Its effect is of the past, and is of no further concern.

*2. PRACTICE in supreme court: questions which have lost their interest not considered.*

IV. A motion to strike from the files the argument of defendant's counsel, for the reason that it was not filed in time, is overruled. We are not accustomed to strike arguments upon such grounds. We would, in a proper case, inflict penalties, or continue the case when asked to do so, but we will not deprive ourselves of the

*3. ——: argument filed too late: striking from files.*

light of an argument for the reason that counsel have been tardy in filing it.

The decree of the district court dismissing plaintiff's petition is

REVERSED.